UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH ABDUL JENNINGS, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) Cause No. 3:16-cv-404 RLM |
| v. | ) (Arising from 3:06-cr-71 RLM-1) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Respondent.* | ) |

OPINION AND ORDER

Keith Abdul Jennings was sentenced to thirty years' imprisonment after being convicted of possessing with intent to distribute at least five grams of crack cocaine. 21 U.S.C. § 841(a)(1). This matter is before the court on Mr. Jennings's motion to vacate and correct his sentence under 28 U.S.C. § 2255. The court grants Mr. Jennings's motion.

I. BACKGROUND

A jury convicted Mr. Jennings of possessing with intent to distribute at least five grams of crack cocaine. 21 U.S.C. § 841(a)(1). He had two relevant prior felony convictions, one for an identical offense and another for resisting law enforcement while "operat[ing] a vehicle in a manner that creates a substantial risk of bodily injury to another person." IND. CODE § 35-44-3-3(b)(1) (1996). At sentencing, the court considered the former to be a "controlled substance offense." U.S.S.G. § 4B1.2(b). Over Mr. Jennings's objection, the court considered the latter to be a "crime of violence" because it "involves conduct that

presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The prior convictions enhanced Mr. Jennings's recommended sentence under the Federal Sentencing Guidelines to that of a "career offender." His base offense level increased from 26 to 37. U.S.S.G. § 4B1.1. Instead of a sentence of 120 to 150 months, the guidelines recommended a sentence of 360 months to life. U.S.S.G. § 5A. The court sentenced Mr. Jennings to 360 months.

The court of appeals district court's determination that Mr. Jennings's prior offense of resisting law enforcement is a "crime of violence." United States v. Jennings, 544 F.3d 815 (7th Cir. 2008). Mr. Jennings then filed a motion to vacate his sentence under 28 U.S.C. § 2255 on grounds that he was sentenced before Rita v. United States, 551 U.S. 338 (2007), which held that a court can't presume a guideline recommendation to be reasonable. This court held that Rita doesn't apply retroactively and that his counsel wasn't ineffective for not raising the Rita issue at sentencing. This court and the court of appeals denied a certificate of appealability. 28 U.S.C. § 2253.

Mr. Jennings then filed a motion to vacate under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana, where he was incarcerated. While that motion was pending, the State of Indiana reduced his prior conviction for resisting law enforcement from a felony to a misdemeanor.

Also while that motion was pending, on June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory

2

minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V. Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Mr. Jennings wasn't sentenced under the residual clause of the ACCA definition of "violent felony," but under identical language in the guidelines definition of "crime of violence," U.S.S.G. § 4B1.2. The district court denied his § 2241 motion because Mr. Jennings had an adequate and meaningful remedy to file a second or successive § 2255 motion based on Johnson and Welch.

Mr. Jennings sought permission from the court of appeals to file a second or successive § 2255 motion. He argued that, after Johnson, the residual clause of the guidelines' definition of "crime of violence" is unconstitutionally vague, so he shouldn't have been treated as a career offender and ought to be resentenced. The court of appeals granted permission. He then moved that the court of appeals amend its order granting permission to include Mr. Jennings's claim

3

based on the vacatur of his prior felony conviction for resisting law enforcement. The court of appeals treated his motion as "a petition for rehearing" on "[t]he grant . . . of an authorization," which is prohibited under 28 U.S.C. § 2244(b)(3)(E). It suggested that Mr. Jennings amend his motion in this court to add on the vacatur-based claim, citing United States v. McDonald, 641 F.3d 596, 615-616 (4th Cir. 2011).

Mr. Jennings's petition, amended to incorporate the Johnson- and vacatur-based claims, is now before this court.

## II. STANDARD OF REVIEW

One convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Mr. Jennings filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015). § 2255(f)(3). This is a successive petition for Mr. Jennings, which the court of appeals authorized. 28 U.S.C. §§ 2244, 2255(h).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Jennings's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000,

1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. DISCUSSION

Mr. Jennings argues that he's entitled to resentencing for two reasons. First, his prior felony conviction for resisting law enforcement is no longer a "crime of violence" after the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015). Second, the prior conviction has been vacated. The court tends to agree with the government's position that Johnson doesn't' apply retroactively to Mr. Jennings's case, but it expresses no opinion on that issue. Even if Mr. Jennings's Johnson-based claim fails, the vacatur of Mr. Jennings's prior felony conviction for resisting law enforcement entitles him to resentencing. Johnson v. United States, 544 U.S. 295, 303 (2005) ("[A] defendant who successfully attacked his state conviction in state court or on federal habeas review could then apply for reopening of any federal sentence enhanced by the state sentences.") (internal quotations omitted).

The government first argues that the court of appeals didn't permit Mr. Jennings's vacatur-based claim in his second or successive petition. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals *to contain* . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The court of appeals authorized the petition because it *contained* a Johnson-based claim, which Welch "made

5

retroactive to cases on collateral review." Even if the Johnson-based claim doesn't succeed, Mr. Jennings "ma[d]e a prima facie showing that the application satisfies the requirements," thus permitting the filing. 28 U.S.C. § 2244(b)(3)(C).

That the second or successive motion *contains* the new rule of constitutional law is enough to allow a motion that also contains other claims not expressly authorized under § 2255(h). Nothing about the court of appeals' permission prohibited Mr. Jennings from including his vacatur-based claim in the successive petition. The court outright suggested that Mr. Jennings simply amend his pleadings to contain the vacatur-based claim as described in United States v. McDonald, 641 F.3d 596, 615-616 (4th Cir. 2011).

Under McDonald, the court of appeals inspects "the entire § 2255 motion—to determine whether it contains *any claim* that satisfies the § 2255(h) standard." McDonald, 641 F.3d at 615 (internal quotations omitted) (emphasis added). "The lack of additional prefiling authorization was no obstacle" to the petitioner's additional claim. *Id.* at 616. The Johnson-based claim satisfied § 2255(h) and so the entire application was authorized. "It is then the responsibility of the district court to more closely scrutinize each claim and dismiss those that are barred under [§ 2255(h)]." *Id.* at 615. (internal quotations omitted). Because Mr. Jennings presents a successful vacatur-based claim, he meets the § 2255(h) requirements.

Because Mr. Jennings amended his petition to include the vacatur-based claim, the added claim must still meet the requirements of Federal Rule of Civil Procedure 15(a). *Id.* at 616. Under the Rule, "a party may amend its pleading

6

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court never gave express consent to add the vacatur-based claim onto the Johnson claim. Mr. Jennings has worked hard to seek resentencing and to vacate his prior conviction. Because of the merit of his petition, the court thus determines that "justice so requires" that he be permitted to amend. Nothing indicates any sort of undue delay in Mr. Jennings's amendment. The court thus permits the additional claim under Rule 15(a).

The government's next procedural point is that the vacatur-based claim fails the one-year limitations period under § 2255(f). The government argues that Mr. Jennings wasn't diligent in seeking out the vacatur, and so the limitations clock began on the date of his final judgment. 28 U.S.C. § 2255(f) ("The limitation period shall run from the latest of-- . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."); *see* Johnson v. United States, 544 U.S. 295, 302 (2005) ("[T]he state-court vacatur is a matter of fact for purposes of the limitation rule in the fourth paragraph. But we also hold that the statute allows the fact of the state-court order to set the 1-year period running *only if the petitioner has shown due diligence in seeking the order.*") (emphasis added).

The court needn't evaluate Mr. Jennings's diligence in seeking the vacatur to determine whether the vacatur triggered the one-year period. Mr. Jennings can instead rely on the limitations period triggered from the Court's rulings in Johnson and Welch. Under § 2255(f)(3), the one-year period can also be triggered

7

from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Similar to the successive motion issue, even if Mr. Jennings may lose his Johnson and Welch claim, Johnson still reset the limitations period for him. He presented a prima facie case that Johnson invalidated his sentence. Even if it doesn't succeed, that's enough for him to tack on the vacatur-based claim too.

Relation back of otherwise time-barred claims is governed under Rule 15. *See* 28 U.S.C. § 2242 ("It may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). To arise out of the "conduct, transaction, or occurrence" of the Johnson-based claim, the vacatur-based claim must not be "separated in [both] time and type" from it. Mayle v. Felix, 545 U.S. 644, 657 (2005). Each of Mr. Jennings's claims stems out of the court's treatment of his prior conviction for felony resisting law enforcement. The types of claim differ: one is based on a change in constitutional law and the other is based on vacatur. But they are focused on the same occurrences: Mr. Jennings's prior conviction and the court's treatment of it at sentencing. That is enough. The court expresses no opinion on Mr. Jennings's diligence in seeking out the vacatur because he falls under the limitations period triggered by Johnson and Welch under § 2255(f)(3). The court also need not

8

address Mr. Jennings's "actual innocence" argument to circumvent any otherwise-applicable time bar.

Mr. Jennings now has a procedural bridge to get to the merits of his claim. It may be a circuitous one, but it should be able to support him. Neither party disputes the vacatur of his prior conviction. 28 U.S.C. § 2255 creates an avenue to resentence "a defendant who successfully attacked his state conviction in state court." Johnson v. United States, 544 U.S. 295, 303 (2005) (internal quotations omitted). There's no longer a basis to support a determination that Mr. Jennings is a career offender under the guidelines and so he is entitled to be resentenced.

IV. CONCLUSION

Based on the foregoing, the court GRANTS Mr. Jennings's § 2255 motion to vacate and correct his sentence [3:06-cr-71, Doc. No. 152], DENIES his original motion as moot [3:06-cr-71, Doc. No. 145], and directs the Clerk to vacate his sentencing [3:06-cr-71, Doc. No. 60], with resentencing to be scheduled by future order.

SO ORDERED.

ENTERED:  December 12, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court